UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUN 26 2023 PM3:54
FILED-USDC-CT-NEW.HAVEN

AP Pascarella  :
Plaintiff,  :
   :
v.  : Case No. _____
   :
Ten-Ex Commercial Real Estate, et al.  :
   :
Defendants.  :   June 22, 2023

## MOTION FOR INJUNCTION

Plaintiff seeks a Court Order (i.e. a Temporary / Permanent Restraining Order) SEEKING INJUCTIVE RELIEF FROM THIS COURT:

(i) TEMPORARY INJUNCTION ORDERING THE DEFENDANTS TO CEASE AND DESIST FROM AUCTIONING THE NOTE AND MORTGAGE UNTIL THE LATER OF THIRTY (30) DAYS AFTER THE NEXT LAW DAY SET BY THE TRIAL COURT (OR ANY EXTENSIONS THEREOF) – CURRENTLY SET FOR SEPTEMBER ___, 2023] AND TO REMOVE ANY PROMOTIONS OR PUBLICATIONS REGARDING THE AUCTION OR THE PROPERTY FROM THE INTERNET AND CEASE AND DESIST FROM ANY FURTHER COMMUNICATION REGARDING SAME I.E. A 'GAG ORDER' UNTIL A HEARING CAN BE SCHEDULED TO ADJUDICATE THE MATTER

(ii) TEMPORARY INJUNCTION FROM PROCEEDING WITH ITS MORTGAGE FORECLOSURE ACTION UNTIL AN ACCOUNTING OF THE VALUE OF SAID NOTE AND MORTGAGE, INCLUDING ANY SET-OFFS, COUNTERCLAIMS, OR – HAS BEEN ADJUDICATED BY THIS COURT

(iii) PERMANENT INJUNCTION FROM DEFENDANTS, OR ANY OF THEIR EMPLOYEES, AGENTS OR ATTORNEYS, INTERFERING WITH OR IN ANY WAY IMPEDING (INCLUDING BY MEANS OF AGENTS FOMENTING N.I.M.B.Y. OPPOSITION) THE PROGESS OF BORROWER'S EFFORTS TO APPLY FOR AND SECURE ENTITLEMENTS (FOR MULTI-FAMILY RESIDENTIAL APARTMENTS, OR OTHER USES, AS APPROVED BY THIS COURT) THAT WILL ENABLE REPAYMENT OF THE DEBT

(iv)   THAT THE PARTIES HERETO STAY ANY AND ALL FURTHER PROCEEDINGS IN THIS COURT UNTIL THE TRIAL COURT PROCEEDINGS THAT ARE RELATED TO THESE MATTERS ARE DECIDED

(v)   THAT THE BORROWER IS HEREBY AUTHORIZED TO MAKE SUCH APPLICATIONS AND MAY DRAW ON THE $455,000 TENANT IMPROVEMENT AND LEASING RESERVE TO AFFORD THE ARCHITECTS, ENGINEERS, AND ATTORNEYS NEEDED TO SECURE THE ENTITLEMENTS

(vi)   THAT THE PARTIES PROVIDE THIS COURT WITH COPIES OF THE RECEIVERS REPORTS BEING FILED IN THE STATE COURT

(vii)   THAT THE RECEIVER'S COURT ORDER BE DISSOLVED OR BE REVISED TO MAKE ITS MISSION NOT THE 'SALE' OF THE PROPERTY, AS IT HAS BEEN SINCE IMPLEMENTED IN 2020, BUT INSTEAD THE 'REPOSITION OF THE PROPERTY'

(viii)   THAT EACH DEFENDANT (OR, SUCH DEFENDANTS AS THIS COURT MAY DECIDE) WILL BE PERMANENTLY ENJOINED FROM BIDDING ON OR ACQUIRING ANY INTEREST IN EITHER THE NOTE OR MORTGAGE OR ANY OTHER NOTE OR MORTGAGE AFFECTING THIS PROPERTY OR BORROWERS

(ix)   THAT EACH DEFENDANT (OR, SUCH DEFENDANTS AS THIS COURT MAY DECIDE) WILL BE PERMANENTLY ENJOINED FROM BIDDING ON OR ACQUIRING ANY INTEREST IN EITHER THE NOTE OR MORTGAGE OR ANY OTHER NOTE OR MORTGAGE AFFECTING THIS PROPERTY OR BORROWERS

(x)   THE LOAN (IN SUCH AMOUNT, IF ANY, IN EXCESS OF ANY COUNTERCLAIMS, SHOULD BE RETURNED TO THE FUND THAT IT WAS MEANT TO BE IN FOR THE TEN-YEAR TERM TO MITIGATE THE DAMAGES TO THE LENDER BY WAY OF NETTING AND DIVERSIFIED PORTFOLIO BENEFITS

At least two (2) clogs on the equity of redemption are adjudicated and valued, without which Plaintiff's may lose their valuable Greenwich Connecticut real estate without the opportunity (<u>with three (3) years remaining on the original ten (10) year Loan term</u>) to repay the actual debt due and owing which the current leasing status of the Property will actually allow within that time frame.

The first clog are two Superior Court lawsuits that may now be resolved with the recent release of an appellate decision on the 2016 action *Pascarella v. Silver* which can end that and the 2019 action *Silver v. Pascarella*, meaning 20-years of longstanding litigation which is close to being finally decided:

1. FST-CV-16-6029529-S   PASCARELLA, HENRY v. SILVER, ROBERT
2. FST-CV-19-6043445-S   R.S. SILVER ENTERPRISES, INC. v. RIVERSEDGE PARTNERS
3. FST-CV-19-6044279-S   READYCAP COMMERCIAL, LLC v. WH PARCEL I, LLC

The second clog is the ReadyCap loan. Certain of the Individuals named as Employees of Defendant corporations have attested to Affidavits of Debt that appear to be inaccurate on their face and yet which the Trial Court credited without addressing Plaintiff's late-filed exhibit. No trial as to the validity of either the claimed debt or the alleged appraised value has yet occurred, with the first scheduled for next month.

Plaintiffs have responded to Lender's claims and await a hearing on their Motion to Dismiss Lender's foreclosure action. Plaintiffs have counterclaims and setoffs that more than offset the claimed debt on the property which was improperly credited by a trial court judge without reference to exhibits demonstrating a much higher value for the Property.

The court ordered Receiver has (after three (3) years running the Property (2020-2023)) not added value to the Property.

However, there remains substantial upside potential with the Plaintiff's (already approved) plan to reposition the property as multi-family residential, with an affordable component. The demonstrated value of said approvals, already partially granted by the Town of Greenwich.

**DEFENDANTS ARE IN BREACH OF THE LOAN DOCUMENTS**

The Loan was made, as represented to Plaintiffs at the time, as a 10 year loan which would be securitized – which it was for a time in the defendant FUND but then removed: a *quantum meruit* claim will be made regarding this and fund accounting and paperwork for the transactions made part of production in discovery.

**MONEY DAMAGES ARE INADEQUATE**

Every property is unique and hence money damages alone cannot made Plaintiffs whole. Plaintiff's own a contiguous parcel and the two together are "worth more that the sum of their parts." Damages on the order of [14,000,000] (at the low end) alone warrant this injunction. Nowhere in the material advertising the offering of the Mortgage and the Note

### 20-YEAR LITIGATION FINALLY DECIDED ONE (1) WEEK AGO

Plaintiffs have been forced by delays in rendering decisions including those caused by the COVID virus to wait for many years [FN CHART] for clarity on how to treat a Second (2nd) lawsuit brought on a contract which was, after seven (7) years of litigation, determined <u>not</u> to be subject to *res judicata* which decision was made final when the Ct Supreme Court declined to review it. [FN CT SUP CT RULING AND TRIAL COURT RULINGS] The lack of clarity with regard to the meaning and related treatment of said Contract has resulted in 20-years, with one counterparty's *lis pendens* on the property at issue for 19.5 of those years making redevelopment and repositioning impossible. With the final ruling finding that both the Contract and Note remain in full force and effect a final determination of value can be made with regard to the first *clog on the equity of redemption*

### CUTPA COUNTER-CLAIMS COULD WIPE OUT THE DEBT COMPLETELY

With money damages against the Defendants of Fourteen ($14,000,000) Million or more, and a fact pattern that conforms to the elements of CUTPA claim, once totaled, the Mortgage and Note allegedly for sale and of some finite value will be worth "less than nothing."

### NO BOND POSTED FOR DAMAGES

Defendants have failed to post a bond for damages including consequential and treble damages pursuant to CUPTA.

### MATERIAL MISREPRESENTATIONS

By omitting to report details of the existing Litigation to the market in its advertising for the sale of the note and mortgage Defendants are guilty of material misrepresentations of fact.

### PROMISSORY NOTE PAYABLE

Defendant ReadyCap's SEC regulated filings state the following treatment by the company of promissory notes (the Silver Promissory Note is currently valued at $2 mm):

> [ReadyCap] accounts for promissory notes payable under *ASC* 470, *Debt* ... [see attached Ex __]

There is no netting "of debt issuance costs" in Defendant's Affidavit of Debt. Nor, now that the Silver Cases have been finally decided, is there any accounting for the Silver Note, which is necessary to clear title to the Property enabling Plaintiffs to refinance.

## Initial Claims

### In addition to the claims under

1) Tortious interference with contract and/or business opportunity. Defendants interfered with Borrower's transactions, relationship, and reputation with
   a. Vendors
   b. Brokers
   c. Tenants
   d. Neighbors
   e. Creditors
2) Fraud.
   a. Saying in 'breach of lease' – there is no lease.
   b. Motion for Contempt
   c. Falsely indicating "bankruptcy" in Trial Court Docket (which would trigger Personal Guarantees)
   d. Ignoring plain language of the Loan Documents to unlawfully, and in breach of those documents and the Court Order, tried to leverage the threat of personal liability to cause emotional distress
3) Statute of Frauds: Attempting to Add Debt to the claimed amount due with no authority to do so under the Loan Documents or the Court Order
   a. Receivers new "loan" of $2,000,000 isn't valid since it isn't in writing.
   b. Courts have held that punitive damages are recoverable in bad faith tort actions when, and only when, the facts establish that defendant's conduct was aggravated, outrageous, malicious or fraudulent.
   c. In commercial lending transactions, such conduct being the exception rather than the rule, the conduct of the Defendants warrants treble damages under CUTPA.

4) Duress
5) Economic Duress
6) Interference with Business / Wrongful Interference, with regard to deliberately adverse actions taken by Defendants
7) Improper claims of Defaults
8) New leases despite Defendant's own appraisal stating hold vacant for residential development more valuable than office leasing
9) Defendants and Receiver added 'advances' to Borrower's loan balance, and charging default rate interest on these new advances, while the Court Order the Receiver was operating under was more limited (to receiving rents and paying operating expenses) and did not mention advancing speculative development advances as activity it was authorizing
10) Negligent misrepresentations to the Court (affidavit of debt and Receivers Reports)
11) Defendants owe Borrower the duty of Good Faith and Fair Dealing
12) Defendants improperly applied escrowed funds and failed to complete an environmental remediation funds were being held for, that are still held by Defendants today
13) Appraisal Fraud – Defendants artificially reduced Market Value by ignoring hold of residential development as Highest & Best Use, then proceeded to advance funds to further encumber property to below market office leases which impair Borrowers ability to maximize its properties value for future residential development.
14) Improper Standing to foreclosure; unclear who has title to the Mortgage and Note and which Defendant entities are capable of paying damages
15) Improper Acceleration – each of the negative contingencies understood ahead of time by the Lender to be a possibility did occur and I addition we are just exiting the official time period known as Covid-19; as mortgage foreclosures are equitable in nature, such acceleration and any additional interest charged should be adjudicated prior to its being added to the Affidavit of Debt

/s/ AP Pascarella

Averardo P. Pascarella

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading/document was mailed to: (list all defendants or counsel for defendants) at (list the address for each person served) on (date).

TEN-EX, INC. et al

Tel. +1 (888) 770-7332

legal@ten-x.com


READYCAP COMMERCIAL LLC, et al

Timothy P. Moylan

203-358-0800 x 3330 <TMoylan@dmoc.com>


SVN | STORA REALTY, et al

Tel. +1 (929) 343-5051

sstoehrer@svn.com


KEYBANK, et al

203-358-0800 x 3330

Timothy P. Moylan <TMoylan@dmoc.com>