**TO:**

**TEN-EX COMMERCIAL REAL ESTATE, et al**
legal@ten-x.com

**READYCAP COMMERCIAL LLC, et al**
TMoylan@dmoc.com

**SVN | STORA REALTY**
sstoehrer@svn.com

**KEYBANK**
TMoylan@dmoc.com

JUN 28 2023 AM 11:46
FILED-USDC-CT-NEW.HAVEN

*STRICTLY CONFIDENTIAL*

*FOR LITIGATION PURPOSES*

1

**TEN-EX COMMERCIAL REAL ESTATE, et al**
legal@ten-x.com

**READYCAP COMMERCIAL LLC, et al**
TMoylan@dmoc.com

**SVN | STORA REALTY**
sstoehrer@svn.com

**KEYBANK**
TMoylan@dmoc.com

June 27, 2023

Please see the attached action, a rough draft version of which

was filed yesterday with the Court.

Take notice that any sale of the mortgage and note made without

reference to the serious lender liability issues that have been identified in

the attached and related lawsuits appear to be in violation of criminal and

civil law.

I'd like to have this heard tomorrow in order to give a judge the

opportunity to order a stop to the sale: please do not proceed with the

referenced Note and Mortgage sale or enter into any agreements regarding

same until after this matter has been adjudicated.

Regards,

AP Pascarella

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AP Pascarella | : |
| Plaintiff, | : |
| v. | : Case No. _____ |
| Ten-Ex Commercial Real Estate, et al. | : |
| Defendants. | :        June 27, 2023 |

**Revised COMPLAINT AND REQUEST FOR INJUNCTION**

I.    **The Parties to This Complaint**
    **A. The Plaintiffs**

**AVERARDO PASCARELLA**
(PRO SE)
c/o The Pascarella Law Firm PC
PO Box 2
Greenwich, CT 06830
Tel. +1 (917) 771-2511 cell
aldo@pascarellalaw.com

**B. The Defendants**

**TEN-EX, INC.**
**TEN-EX COMMERCIAL REAL ESTATE**
**SAMANTHA CORBAT, its Supervising Broker**
**STEVEN JACOBS, its President, CEO/CFO**
**VIBHAV KAPILA, its Supervising Broker**
**MATTHEW VANDERMYDE, its Director**
**MICHAEL VASOGHI, its Supervising Broker**
17600 Laguna Canyon Road
Irvine, CA 92618-5432
Tel. +1 (888) 770-7332
legal@ten-x.com

**READYCAP COMMERCIAL LLC, an SBC[1] loan originator**
**READYCAP HOLDINGS LLC, its Parent (%100)**
**SUTHERLAND PARTNERS LP, General Manager, a REIT under IRC '86**
**SUTHERLAND ASSET MANAGEMENT CORP., its sole General Partner**
**a Maryland Corp.**
**WATERFALL ASSET MANAGEMENT LLC, its Manager (1940 Act Reg.)**
**READYCAP LENDING LLC, a related entity**
**READYCAPITAL MORTGAGE DEPOSITOR, LLC, a related entity**
**READYCAP MORTGAGE TRUST 2016-3, the fund meant to hold the Loan**
**JULIAN MURILLO, Asset Manager of ReadyCap Commercial LLC**
Timothy P. Moylan
203-358-0800 x 3330
TMoylan@dmoc.com

**SVN | STORA REALTY, its Property Manager & Broker**
**STEVEN STOEHRER, its Managing Director (a NY licensed realtor-**
**#S1St1012361)**
**JOSH MEHLBERGER, its Asset Manager**
**SVN COMMERCIAL, its Connecticut realtor license holder**
**ELEVATE ASSET MANAGEMENT**
**SVN ELEVATE**
**ALICE HARVEY, Portfolio Manager- National Accounts at SVN Elevate**
**SVN INTERSTATE BROKERS**
**JOHN JOHNSON, Managing Director at SVN Interstate Broker**
**REID BENNETT, National Council Chair of Multifamily Properties for SVN**
**CODY DORAN, SR VP AT SVN CHICAGO**
SVN Stora Realty Corp
31 West 34th Street, 7th Floor,
New York, NY 10001
Tel. +1 (929) 343-5051
sstoehrer@svn.com

**KEYBANK**
**Mr. Stephens, Derek A., an employee of KeyBank**
**GRANT WINEMILLER, Asset Manager at KeyBank**
Timothy P. Moylan

---

[1] "SBC" is a *small balance commercial loan*, such as the one Defendants are attempting to auction.

203-358-0800 x 3330
TMoylan@dmoc.com

## II. BASIS FOR JURISDICTION

### A.  28 USC SEC 1331: QUESTIONS OF LAW

Defendants have published false and misleading statements in violation of the Loan Documents and the Court Order and through other acts, omissions and breaches have creating express rights and remedies due to violations of 15 U.S. Code § 1692d and Conn. Gen. Stat. § 53a-142a and others as may be applicable and plead in future amended complaints.

### 28 USC SEC 1332: Defendants are not from Connecticut, Plaintiffs Are

Averardo P. Pascarella is an individual resident of the State of Connecticut

Defendants Ten-Ex, Inc. et al are neither Connecticut corporations nor residents, although some of its Employees named as additional defendants may be.

Defendants ReadyCap, Inc. et al are neither Connecticut corporations nor residents, although some of its Employees named as additional defendants may be.

Defendants SVN et al are neither Connecticut corporations nor residents, although some of its Employees named as additional defendants may be.

Defendants KeyBank et al are neither Connecticut corporations nor residents, although some of its Employees named as additional defendants may be.

Hence, there is diversity of citizenship.

The amount in dispute is more than $75,000.

## III. STATEMENT OF CLAIMS

### 15 U.S. Code § 1692d- Harassment or abuse

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a

5

debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) [1] of this title.

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

**Conn. Gen. Stat. § 53a-142a - Filing a false record**

(a) A person is guilty of filing a false record against real or personal property when with intent to defraud, deceive, injure or harass another, he or she files, or causes to be filed with a municipality, a record he or she knows, or reasonably should know, is false. As used in this section, "record" means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form, and includes any record that is recorded in the office of the town clerk.

(b) A person is guilty of filing a false record under sections 42a-9-501 to 42a-9-526, inclusive, when with intent to defraud, deceive, injure or harass another, he or she files, or causes to be filed with the Secretary of the State or a municipality, a record he or she knows, or reasonably should know, is false.

(c) Filing of a false record is a class D felony.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AP Pascarella | : |
| Plaintiff, | : |
| v. | : Case No. _____ |
| Ten-Ex Commercial Real Estate, et al. | : |
| Defendants. | :        June 27, 2023 |

**MOTION FOR INJUNCTION**

Plaintiff seeks a Court Order (i.e. a Temporary / Permanent Restraining Order) SEEKING INJUCTIVE RELIEF FROM THIS COURT:

(i)    TEMPORARY INJUNCTION ORDERING THE DEFENDANTS TO CEASE AND DESIST FROM AUCTIONING THE NOTE AND MORTGAGE UNTIL THE LATER OF THIRTY (30) DAYS AFTER THE NEXT LAW DAY SET BY THE TRIAL COURT (OR ANY EXTENSIONS THEREOF) – CURRENTLY SET FOR SEPTEMBER , 2023] AND TO REMOVE ANY PROMOTIONS OR PUBLICATIONS REGARDING THE AUCTION OR THE PROPERTY FROM THE INTERNET AND CEASE AND DESIST FROM ANY FURTHER COMMUNICATION REGARDING SAME I.E. A 'GAG ORDER' UNTIL A HEARING CAN BE SCHEDULED TO ADJUDICATE THE MATTER

(ii)    TEMPORARY INJUCTION FROM PROCEEDING WITH ITS MORTGAGE FORECLOSURE ACTION UNTIL AN ACCOUNTING OF THE VALUE OF SAID NOTE AND MORTGAGE, INCLUDING ANY SET-OFFS, COUNTERCLAIMS, OR – HAS BEEN ADJUDICATED BY THIS COURT

(iii)    PERMANENT INJUNCTION FROM DEFENDANTS, OR ANY OF THEIR EMPLOYEES, AGENTS OR ATTORNEYS, INTERFERING WITH OR IN ANY WAY IMPEDING (INCLUDING BY MEANS OF AGENTS FOMENTING N.I.M.B.Y. OPPOSITION) THE PROGESS OF BORROWER'S EFFORTS TO APPLY FOR AND SECURE ENTITLEMENTS (FOR MULTI-FAMILY RESIDENTIAL APARTMENTS, OR OTHER USES, AS APPROVED BY THIS COURT) THAT WILL ENABLE REPAYMENT OF THE DEBT

(iv)    THAT THE PARTIES HERETO STAY ANY AND ALL FURTHER PROCEEDINGS IN THIS COURT UNTIL THE TRIAL COURT

PROCEEDINGS THAT ARE RELATED TO THESE MATTERS ARE
DECIDED

(v)     THAT THE BORROWER IS HEREBY AUTHORIZED TO MAKE SUCH
APPLICATIONS AND MAY DRAW ON THE $455,000 TENANT
IMPROVEMENT AND LEASING RESERVE TO AFFORD THE
ARCHITECTS, ENGINEERS, AND ATTORNEYS NEEDED TO SECURE
THE ENTITLEMENTS

(vi)    THAT THE PARTIES PROVIDE THIS COURT WITH COPIES OF THE
RECEIVERS REPORTS BEING FILED IN THE STATE COURT

(vii)   THAT THE RECEIVER'S COURT ORDER BE DISSOLVED OR BE
REVISED TO MAKE ITS MISSION NOT THE 'SALE' OF THE PROPERTY,
AS IT HAS BEEN SINCE IMPLEMENTED IN 2020, BUT INSTEAD THE
'REPOSITION OF THE PROPERTY'

(viii)  THAT EACH DEFENDANT (OR, SUCH DEFENDANTS AS THIS COURT
MAY DECIDE) WILL BE PERMANENTLY ENJOINED FROM BIDDING
ON OR ACQUIRING ANY INTEREST IN EITHER THE NOTE OR
MORTGAGE OR ANY OTHER NOTE OR MORTGAGE AFFECTING THIS
PROPERTY OR BORROWERS

(ix)    THAT EACH DEFENDANT (OR, SUCH DEFENDANTS AS THIS COURT
MAY DECIDE) WILL BE PERMANENTLY ENJOINED FROM ENTERING
INTO OR CHANGING THE TERMS OF ANY LEASE OR CONTRACT
AFFECTING THIS PROPERTY OR BORROWERS

(x)     THE LOAN (IN SUCH AMOUNT, IF ANY, IN EXCESS OF ANY
COUNTERCLAIMS, SHOULD BE RETURNED TO THE FUND THAT IT
WAS MEANT TO BE IN FOR THE TEN-YEAR TERM TO MITIGATE THE
DAMAGES TO THE LENDER BY WAY OF NETTING AND DIVERSIFIED
PORTFOLIO BENEFITS

## I.   SUCH RELIEF IS EQUITABLE AND NECESSARY TO UNCLOG EQUITY OF REDEMPTION

At least two (2) clogs on the equity of redemption are adjudicated and valued,
without which Plaintiff's may lose their valuable Greenwich Connecticut real estate
without the opportunity (with three (3) years remaining on the original ten (10)
year Loan term) to repay the actual debt due and owing which the current leasing
status of the Property will allow within that time frame.

"Adversity of a person is not a boon for others. If a person in stringent financial conditions had taken the loan and placed his properties as security therefor, the situation cannot be exploited by the person who had advanced the loan. The Court seeks to protect the person affected by adverse circumstances from being a victim of exploitation..."

See: https://www.lawctopus.com/academike/doctrine-of-clog-on-redemption/#_ftn20 (visited June 27, 2023)

## II.      CLOG ONE – PENDING LITIGATION

The first clog are two (2) Superior Court lawsuits that may now be resolved with the recent release of an appellate decision on the 2016 action *Pascarella v. Silver*. That lawsuit and the related 2019 action *Silver v. Pascarella*, can finally be resolved, meaning 20-years of longstanding litigation which is close to being finally decided:

1.  FST-CV-16-6029529-S    PASCARELLA, HENRY v. SILVER, ROBERT
2.  FST-CV-19-6043445-S    R.S. SILVER ENTERPRISES, INC. v. RIVERSEDGE PARTNERS
3.  FST-CV-19-6044279-S    READYCAP COMMERCIAL, LLC v. WH PARCEL I, LLC

Once the damages in these cases are determined the main clog will be gone, enabling Plaintiffs to refinance and pay the legitimate debt due to ReadyCap, if any.

## III.     CLOG TWO – READYCAP LOAN IT IS TRYING TO SELL TO THIRD PARTY

The second clog is the ReadyCap loan. Its Affidavit of Debt is incorrect and its agents and employees have committed torts and are in breach of the Loan Documents and Court Order, in material ways, that must be corrected prior to the sale of the Mortgage and Note, if any sale is allowed to proceed.

Certain of the Individuals named as Employees of Defendant corporations have attested to Affidavits of Debt that appear to be inaccurate on their face and yet which the Trial Court credited without addressing Plaintiff's late-filed exhibits.

No trial as to the validity of either the claimed debt or the alleged appraised value has yet occurred, with the first scheduled for next month.

In the trial court, Plaintiffs have responded to Lender's claims and await a hearing on their Motion to Dismiss Lender's foreclosure action.

Plaintiffs have counterclaims and setoffs that more than offset the claimed debt on the property which was improperly credited by a trial court judge without reference to exhibits demonstrating a much higher value for the Property.

The court ordered Receiver has, unfortunately, (after three (3) years running the Property (2020-2023)) not added value to the Property.

However, there remains substantial upside potential with the Plaintiff's (already approved) plan to reposition the property as multi-family residential, with an affordable component. The demonstrated value of said approvals, already partially granted by the Town of Greenwich, more than offsets any alleged debt owed to ReadyCap.

## IV.    DEFENDANTS ARE IN BREACH OF THE LOAN DOCUMENTS

The Loan was made, as represented to Plaintiffs at the time, as a 10-year loan which would be securitized – which it was for a time in the defendant FUND but then removed: a *quantum meruit* claim will be made regarding this and fund accounting and paperwork for the transactions made part of production in discovery.

In addition, because Defendants are in breach of the black letter of the Loan Documents and Court Order, counterclaims sounding in contract and tort exist.

## V.    MONEY DAMAGES ARE INADEQUATE

Every property is unique and hence money damages alone cannot made Plaintiffs whole.  Plaintiffs own a contiguous parcel and the two together are "worth more that the sum of their parts."  Damages on the order of [14,000,000] (at the low end) alone warrant this injunction.  Nowhere in the material advertising the offering of the Mortgage and the Note are the kind of

## VI.    20-YEAR LITIGATION FINALLY DECIDED TWO (2) WEEKS AGO

Plaintiffs have been forced by delays in rendering decisions including those caused by the COVID virus to wait for many years (Ex. _____ ) for clarity on how to treat a Second (2nd) lawsuit brought on a contract which was, after seven (7) years of litigation, determined <u>not</u> to be subject to *res judicata* which decision was made final when the Ct Supreme Court declined to review it. (Ex. _____) The lack of clarity regarding the meaning and related treatment of said Contract has resulted in 20-years, with one counterparty's *lis pendens* on the property at issue for 19.5 of

those years making redevelopment and repositioning impossible. With the final ruling finding that both the Contract and Note remain in full force and effect a final determination of value can be made regarding the first *clog on the equity of redemption.*

### VII.   CUTPA COUNTER-CLAIMS COULD WIPE OUT THE DEBT COMPLETELY

With money damages against the Defendants of Fourteen ($14,000,000) Million or more, and a fact pattern that conforms to the elements of CUTPA claim, once totaled, the Mortgage and Note allegedly for sale and of some finite value will be worth "less than nothing."

### VIII.   NO BOND POSTED FOR DAMAGES

Defendants have failed to post a bond for damages including consequential and treble damages pursuant to CUPTA.

### IX.   MATERIAL MISREPRESENTATIONS

By omitting to report details of the existing Litigation to the market in its advertising for the sale of the note and mortgage Defendants are guilty of material misrepresentations of fact.

### X.   PROMISSORY NOTE PAYABLE

Defendant ReadyCap's SEC regulated filings state the following treatment by the company of promissory notes (the Silver Promissory Note is currently valued at $2 mm):

> [ReadyCap] accounts for promissory notes payable under *ASC* 470, *Debt* ... [see attached Ex ___]

There is no netting "of debt issuance costs" in Defendant's Affidavit of Debt. Nor, now that the Silver Cases have been finally decided, is there any accounting for the Silver Note, which is necessary to clear title to the Property enabling Plaintiffs to refinance.

### <u>Initial Claims</u>

In addition to claims under 15 U.S. Code § 1692d and Conn. Gen. Stat. § 53a-142a, the following claims and/or counterclaims.

1) Tortious interference with contract and/or business opportunity. Defendants interfered with Borrower's transactions, relationship, and reputation with
   a. Vendors
   b. Brokers
   c. Tenants
   d. Neighbors
   e. Creditors
2) CUTPA
3) Intentional Infliction of Emotional Distress
4) Negligent Infliction of Emotional Distress
5) Fraud.
   a. Receiver's Reports claim Aldo Pascarella is 'in breach of lease' – there is no lease.
   b. Receiver's Motion for Contempt meant to embarrass Aldo Pascarella
   c. Defendant's falsely indicating "bankruptcy" in Trial Court Docket (which would trigger Personal Guarantees) to embarrass Aldo Pascarella
   d. Ignoring plain language of the Loan Documents to unlawfully, and in breach of those documents and the Court Order, tried to leverage the threat of personal liability to cause Aldo Pascarella emotional distress
6) Statute of Frauds: Attempting to add Debt to the claimed amount due with no authority to do so under the Loan Documents or the Court Order
   a. Receiver's new "loan" of $2,000,000 isn't valid since it isn't in writing.
   b. Courts have held that punitive damages are recoverable in bad faith tort actions when, and only when, the facts establish that defendant's conduct was aggravated, outrageous, malicious or fraudulent.
   c. In commercial lending transactions, such conduct being the exception rather than the rule, the conduct of the Defendants warrants treble damages under CUTPA.
7) Duress
8) Economic Duress
9) Interference with Business / Wrongful Interference, with regard to deliberately adverse actions taken by Defendants.
10) Improper claims of Defaults under the Loan Documents.
11) New leases for office uses entered into by Receiver despite Defendant's own Appraisal stating 'hold vacant' for residential development more valuable path

12) Defendants and Receiver added 'advances' to Borrower's loan balance, and charged default rate interest on these new advances, while the Court Order the Receiver was operating under was more limited (to receiving rents and paying operating expenses) and did not mention advancing speculative development advances as activity it was authorizing.

13) Intentional or Negligent misrepresentations to the Court (including the Affidavits of Debt and Receivers Reports.)

14) Defendants owe Borrower and are in breach of the duty of Good Faith and Fair Dealing

15) Defendants improperly failed to complete an environmental remediation while holding escrowed funds earmarked for that with said funds still held by Defendants today

16) Appraisal Fraud – Defendants artificially reduced Market Value by ignoring "hold for residential development" as Highest & Best Use, then proceeded to advance funds to further encumber property to below market office leases which impair Borrowers ability to maximize its property's value for future residential development.

17) Improper Standing to foreclosure; unclear who has title to the Mortgage and Note and which Defendant entities are capable of paying the substantial damages claimed by Plaintiff.

18) Improper Acceleration – each of the negative contingencies understood ahead of time by the Lender to be a possibility when making the Loan did occur and, in addition, we are just exiting the official time period known as Covid-19; as mortgage foreclosures are equitable in nature, such acceleration and any additional interest charged should be adjudicated with the history of the making and enforcement of the Loan considered by this Court prior to any Affidavit of Debt being accepted as accurate.

Of course, there has been no disclosure regarding any of the above to potential bidders for the Note and Mortgage at Auction; hence the need for an immediate injunction.

Plaintiff reserves the right to bring additional claims or none at all, and given the multiplicity of issues raised, requests the relief stated herein and any other relief the Court deems just, necessary and lawful.

Respectfully submitted,

/s/ AP Pascarella

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading/document was emailed to the emails below on June 27, 2023.

TEN-EX COMMERCIAL REAL ESTATE, et al

legal@ten-x.com

READYCAP COMMERCIAL LLC, et al

TMoylan@dmoc.com

SVN | STORA REALTY

sstoehrer@svn.com

KEYBANK

TMoylan@dmoc.com

/s/ AP Pascarella

OFFICE

# NON-PERFORMING LOAN SALE | OFFICE ☆ ✉

View Map 📍 200 PEMBERWICK RD, GREENWICH, CT 06831

ⓢ **Transaction Fee:** Learn More



# PROPERTY INFORMATION

**Asset Type:** Note

**Primary Property Type:** Office

**Building Size (Sq. Ft.):** 45,294

**Year Built:** 1990

**Lot Size (Acres):** 1.7

**Parking Count:** 125

**Floors:** 2

**Original Balance:** $6,300,000

$6.3MM non-performing loan (NPL) collateralized by the fee simple interest in the Waterfall Building, a 45,294-square-foot office building.

The loan was originated in October, 2016 as a cash-out refinance of an existing loan set to mature.

The total exposure is $11.6M as of June 30th

**RESERVE NOT MET**          **BIDDING ENDS IN:**          **CURRENT BID:**

 Contact Us

1h:49m:48s   $6,750,000
Current Purchase Price: $6,891,875

DATA ROOM DOCUMENTS   REGISTER TO BID

 Ten·X™

Login/Sign Up   Address, City, State or Zip

 Steven Stoehrer
SVN | Stora Realty
Broker Contact
(929)-343-5051
SEND EMAIL

 Josh Mehlberger
Ten-X
Asset Manager
(949)-379-8633
SEND EMAIL

| AUCTIONEER LICENSE | Ten-X, Inc. Samantha Corbat RE Brkr REB.0790949 | PROPERTY ID | 190618 | EVENT ITEM | 2023-Jun-26 |

INVESTMENT
OPPORTUNITY

COSTAR
ANALYTICS

DATA
ROOM

## Loan Information

| | | | |
|---|---|---|---|
| Loan Status | In Foreclosure | Recourse | No |
| Lien Position | First | | |
| Current Balance | $6,083,118 | | |
| Original Balance | $6,300,000 | | |
| Maturity Date | 11/01/2026 | | |
| Rate | 6.13% Fixed | | |

## Property Information

$6.3MM non-performing loan (NPL) collateralized by the fee simple interest in the Waterfall Building, a 45,294-square-foot office building.

The loan was originated in October, 2016 as a cash-out refinance of an existing loan set to mature.

The total exposure is $11.6M as of June 30th

Current foreclosure date has been reset by change of law date for September 12, 2023.

Contact Us

| | | | |
|---|---|---|---|
| Primary Property Type | Office | Type of Ownership | Fee Simple |
| Year Built | 1990 | Building Class | Class B |
| Floors | 2 | Assessor's Parcel Number | GREE-000009-000000-002528-S000000 |
| Lot Size (Acres) | 1.7 | Property ID | 190618 |
| Starting Bid | $3,000,000 | Parking Count | 125 |
| Building Size (Sq. Ft.) | 45,294 | Zoning Designation | GBO |
| Parking Ratio | 8.28 | Building Coverage Ratio | 0.61 |
| Floor Plate Size (Sq. Ft.) | 7,549 | Tenancy Type | Multi |

Detailed Description

SVN Stora Realty proudly presents this offering to buy the underlying note and mortgage, secured by the collateral known as the Waterfall building located at 200 Pemberwick Road in Greenwich, Connecticut. Waterfall building is an 18-unit office property investment opportunity with a pending law date of September 12, 2023

The subject property is housed in a mostly residential area of Greenwich, an affluent neighborhood on Connecticut's Gold Coast. Located along I-95 (The New England Thruway), this property is easily accessible from many other parts of Connecticut, New York, and surrounding New England states to the north. There are numerous shops, churches, eateries, and various establishments just a short distance away.

# You Might Also Like

→ VIEW ALL PROPERTIES

 Contact Us

Online Auction
Jun 26 – 28, 2023

Hotel

Broker Co-Op

Starting Bid          $850,000

### Days Inn Henrietta Rochester Area

4853 W HENRIETTA RD,
HENRIETTA, NY 14467

Online Auction
Jun 26 – 28, 2023

Office

Opportunity Zone

Starting Bid          $3,200,000

### Cleveland Class A Office w/ Anchor Tenant

1215 SUPERIOR AVE E,
CLEVELAND, OH 44114

Online Auction
Jul 24 – 27, 2023

Healthcare

Starting Bid          $400,000

### Cash-Flowing Assisted Living

2233 MCKINLEY ST,
HOLLYWOOD, FL 33020



ALL PROPERTIES          TEN-X DASHBOARD          BROKERS          CONTACT

OFFICE                          CAREERS                          SELLERS          HELP CENTER           Contact Us

Contact Us

(888) 770-7332
MON-FRI 9AM-8PM ET

BUYERS

ABOUT

Licensing | Privacy | CA Residents | Terms Of Use | CA Do Not Sell My Personal Info | Participation Terms | Sitemap

MULTIFAMILY
RETAIL
HOTEL
INDUSTRIAL
OTHER